UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MAREK PETRYKOWSKI,

        Plaintiff,

vs.

        Case No. 2:26-cv-10040
        Hon. Laurie J. Michelson

JDW INTERNATIONAL, INC.
(Ontario Corporation No. 1001407417),
successor by amalgamation to
2051782 Ontario Ltd.,

        Defendant.

**JDW INTERNATIONAL, INC.'S MOTION TO DISMISS
PURSUANT TO FRCP 12(B)(1) AND (2)**

JDW International, Inc. for its motion to dismiss pursuant to FRCP 12(b)(1) and (2) states as follows:

1.      Marek Petrykowski is a citizen and resident of Canada. At the time Mr. Petrykowski entered a contract with JDW International, Inc. Mr. Petrykowski resided at 306-1595 Ernest Ave., London, Ontario, N6E 2W7.

2.      At the time Marek Petrykowski filed this lawsuit, Marek Petrykowski was a citizen and resident of Canada residing at 41 Kings Heights Dr. SW Airdrie, AB T4A 0E6.

3.      JDW International, Inc. is incorporated in Ontario, Canada with its principal place of business located at 21 Ube Drive, Sarnia, Ontario, N7W 1B6, Canada.

4.      On March 4, 2029, Marek Petrykowski entered an Owner Operator Contract with JDW International, a division of 2051782 Ontario, Inc. A copy of the Owner Operator Contract is attached as Exhibit A.

1

5.      This Court Lacks Subject Matter Jurisdiction Because there is no Diversity of Citizenship because Marek Petrykowski and JDW International, Inc. are both Canadian citizens.

6.      This Court lacks Federal Question Jurisdiction and therefore, Marek Petrykowski's Complaint should be dismissed.

7.      This case should be dismissed because this Court lacks personal jurisdiction over JDW International Inc.

WHEREFORE, JDW International, Inc. requests this Court to grant JDW International, Inc.'s Motion and dismiss Marek Petrykowski's Complaint with prejudice and award JDW International, Inc. its costs so wrongfully sustained.

FOSTER SWIFT COLLINS & SMITH PC


By:    */s/Dirk H. Beckwith*
        Dirk H. Beckwith (P35609)
        Attorneys for Defendant
        28411 Northwestern Highway, Suite 500
        Southfield, MI 48034
        248-539-9918
Dated:  May 8, 2026             dbeckwith@fosterswift.com

2

58164:00001:202666708-1

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... ii

BRIEF IN SUPPORT OF JDW INTERNATIONAL, INC.'S

MOTION TO DISMISS PURSUANT TO FRCP 12 (B)(1) AND (2) ............................................ 1

I.     Introduction ................................................................................................................. 1

II.    Statement of Facts .................................................................................................... 1

III.    This Court Lacks Subject Matter Jurisdiction Because There is no Diversity of Citizenship Where Both Parties are Canadian Citizens. ......................................................................... 1

IV.    This Court Lacks Federal Question Jurisdiction and Therefore, Plaintiff's Complaint Should be Dismissed. ..................................................................................................... 4

V.    This Court Lacks General and Specific  Personal Jurisdiction over JDW International, Inc. ......................................................................................................................... 8

i

# INDEX OF AUTHORITIES

## Cases

*Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1364 (11th Cir. 2018)...................................................... 2

*Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548 (2012)....................................................... 5

*Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583 (2013)........................................................ 6

*Eastman v. Marine Mechanical Corp.*, 438 F.3d 544 (2006)................................................................ 7

*Funderwhite v. Local 55, United Association,* 702 Fed. Appx. 308 (2017)........................................ 7

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing* ................................... 6

*Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997) ................................... 8

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (2007)................................................................... 6

*Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) .............................................. 8

*Miller v. Bruenger*, 949 F.3d 986 (2020) ............................................................................................. 5

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) .................................. 8

*Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527 (6th Cir., 2010) .......................................................... 4

*Rowell v. Franconia Minerals Corp.*, 706 F.Supp.2d 891 (2010)........................................................ 3

*Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) ................................................................. 8

*Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)............................. 8

*Simon Holdings PLC Grp. of Companies U.K. v. Klenz*, 878 F. Supp. 210 (1995) ........................... 3

*Sullivan v. LG CHEM LTD*, 585 F. Supp.3d 992 (E.D. Mi., 2022) .................................................... 8

*Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)........................................................... 8

*Thompson v. Deloitte & Touche LLP,* 503 F.Supp.2d 1118 (2007) ..................................................... 3

*Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).............. 2

## Statutes

28 U.S.C. § 1331........................................................................................................................... 4

28 U.S.C. § 1332(a)(1)................................................................................................................. 2

ii

**BRIEF IN SUPPORT OF JDW INTERNATIONAL, INC.'S
MOTION TO DISMISS PURSUANT TO FRCP 12 (B)(1) AND (2)**

### I.      Introduction

Marek Petrykowski's Complaint should be dismissed because: (1) this Court lacks Subject Matter Jurisdiction because there is no diversity of citizenship between Marek Petrykowski and JDW International, Inc. because they are both Canadian citizens; (2) this Court lacks Federal Question Jurisdiction; and, (3) this Court lacks personal jurisdiction over JDW International Inc.

### II.      Statement of Facts

Marek Petrykowski is a citizen and resident of Canada. At the time Mr. Petrykowski entered a contract with JDW International, Inc. Mr. Petrykowski resided at 306-1595 Ernest Ave., London, Ontario, N6E 2W7.

At the time Marek Petrykowski filed this lawsuit, Marek Petrykowski was a citizen and resident of Canada residing at 41 Kings Heights Dr. SW Airdrie, AB T4A 0E6.

JDW International, Inc. is incorporated in Ontario, Canada with its principal place of business located at 21 Ube Drive, Sarnia, Ontario, N7W 1B6, Canada.

On March 4, 2029, Marek Petrykowski entered an Owner Operator Contract with JDW International, a division of 2051782 Ontario, Inc. A copy of the Owner Operator Contract is attached as Exhibit A.

### III.      This Court Lacks Subject Matter Jurisdiction Because There is no Diversity of Citizenship Where Both Parties are Canadian Citizens.

There is no diversity of citizenship in federal court when both parties are Canadian citizens. Federal diversity jurisdiction under 28 U.S.C. § 1332 requires at least one U.S. citizen (a citizen of a State) on at least one side of the litigation. When both plaintiff and defendant are citizens of a foreign state—such as Canada—the action does not fall within any of the four jurisdictional

categories enumerated in § 1332(a), and federal courts uniformly dismiss such cases for lack of subject matter jurisdiction.

Federal diversity jurisdiction is governed by 28 U.S.C. § 1332(a), which grants district courts original jurisdiction over civil actions exceeding $75,000 in controversies between parties falling into one of four enumerated categories. Absent from this list is any category encompassing a suit between citizens of a foreign state exclusively—that is, between two aliens. When both parties are Canadian citizens, the suit is not between "citizens of a State and citizens or subjects of a foreign state" because neither party is a citizen of a U.S. state. Nor does § 1332(a)(3) apply, because that provision requires U.S. citizens of different states as the primary parties, with foreign citizens appearing only as additional parties—a configuration absent when the only parties are aliens. None of the statute's four categories are satisfied.

The form of diversity jurisdiction most potentially applicable to a case involving foreign parties is alienage jurisdiction under § 1332(a)(2). However, alienage jurisdiction only permits federal courts to hear cases between "citizens of a State"—meaning U.S. citizens domiciled in one of the fifty states—and "citizens or subjects of a foreign state." The statute's plain language requires a citizen of a U.S. state (a domestic citizen) to be present on at least one side of the controversy.

Courts across multiple circuits have consistently held that alienage jurisdiction, like general diversity jurisdiction, must be complete. As the Eleventh Circuit explained in applying the rule from *Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1364 (11th Cir. 2018): "Alienage diversity, like general diversity under 28 U.S.C. § 1332(a)(1), must be complete; an alien on both sides of a dispute will defeat jurisdiction." Similarly, the Second Circuit, citing its earlier decision in *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002), stated: "We have diversity jurisdiction over cases between citizens of the United States and citizens of

2

foreign states, but we do not have diversity jurisdiction over cases between aliens. More specifically, "diversity is lacking ... where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing*, 293 F.3d at 581."

The scenario of two Canadian citizens suing each other in federal court has been addressed directly in *Rowell v. Franconia Minerals Corp.*, 706 F.Supp.2d 891 (2010). In *Rowell*, plaintiff was a Canadian citizen (even though a permanent resident alien domiciled in Illinois), and the defendant was a corporation incorporated in Canada with its principal place of business in Washington state. The court walked through each subsection of § 1332(a) and concluded that none applied: the case was not between "citizens of different States," not between "citizens of a State and citizens or subjects of a foreign state" (because no pure U.S. citizen existed on either side), not between "citizens of different States" with aliens as additional parties, and not between a "foreign state" as plaintiff and U.S. citizens as defendants. Because both parties were Canadian citizens, complete diversity was absent and the court lacked subject matter jurisdiction. *Id.*

Multiple other courts have reached the same conclusion. In *Simon Holdings PLC Grp. of Companies U.K. v. Klenz*, 878 F. Supp. 210 (1995), the court held that "complete diversity does not exist where there are aliens on both sides of the litigation," and notably, this is "so even if the aliens are from different countries." The Court in *Thompson v. Deloitte & Touche LLP*, 503 F.Supp.2d 1118 (2007) likewise held that aliens on both sides of a controversy defeated diversity jurisdiction.

In the case at bar, both parties are Canadian citizens, therefore complete diversity is absent, and this Court lacks subject matter jurisdiction.

3

**IV.    This Court Lacks Federal Question Jurisdiction and Therefore, Plaintiff's Complaint Should be Dismissed.**

In the case at bar, Plaintiff alleges claims against JDW International for: (1) faud;fraudulent misrepresentation and concealment, (2) breach of contract, (3) breach of implied covenant of good faith and fair dealing, (4) declaratory and injunctive relief, (5) successor liability, (6) equitable accounting, and (7) negligent misrepresentation. None of these claims give rise to federal question jurisdiction.

The foundational statute governing federal question jurisdiction is 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Sixth Circuit has consistently held that jurisdiction under § 1331 is limited and must be established affirmatively from the face of a well-pleaded complaint.

The Sixth Circuit Court of Appeals applies a well-established framework to determine whether federal question jurisdiction exists under 28 U.S.C. § 1331. A case arises under federal law if: (1) the complaint states a federal cause of action; (2) state-law claims necessarily depend on a substantial and disputed federal issue; (3) state-law claims are completely preempted by federal law; or (4) state-law claims amount to federal-law claims in disguise. *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527 (6th Cir., 2010). When none of these four conditions is met, federal question jurisdiction is absent. The Sixth Circuit has repeatedly affirmed that federal question jurisdiction is exceptional, not routine, and that the mere presence of a federal issue in a state-law claim does not suffice to open the courthouse doors to federal court.

The primary gatekeeping doctrine for federal question jurisdiction is the well-pleaded complaint rule. Under this rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The Sixth Circuit reaffirmed this rule in

4

*Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548 (2012), holding that "a federal question must appear on the face of the complaint rather than as part of a defense, even if a federal law defense is anticipated." The plaintiff is the master of the claim and may affirmatively avoid federal jurisdiction by relying exclusively on state law. This rule has concrete procedural consequences: if a plaintiff's complaint invokes only state law—even while disclaiming reliance on federal law— there is no basis for federal question jurisdiction.

In *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527 (2010), the Sixth Circuit found no federal question where the plaintiffs' complaint expressly stated that "No federal law claims" and sought a writ of mandamus to compel compliance with Ohio statutes. The court held that "a complaint that invokes state law alone, and that mentions federal law only to disclaim any reliance on it, does not provide a basis for arising-under federal jurisdiction."

The Sixth Circuit has articulated that the "arising under" gateway into federal court has two distinct portals. First, it admits litigants whose causes of action are created by federal law—where federal law provides a right to relief. Second, in certain cases, federal question jurisdiction will lie over state-law claims that implicate significant federal issues. In *Miller v. Bruenger*, 949 F.3d 986 (2020), the Sixth Circuit applied this two-part test and found jurisdiction lacking in both respects. The court stated: "A claim arises under federal law, for purposes of federal-question jurisdiction, when the cause of action is (1) created by a federal statute or (2) presents a substantial question of federal law. Neither is satisfied here." The case involved a life insurance dispute governed by the Federal Employees' Group Life Insurance Act (FEGLIA). The court found that FEGLIA contained no express or implied private cause of action between private parties, and that the underlying anticipated claim was essentially a state-law contract dispute, meaning that FEGLIA would appear

5

at most as a defense rather than as the basis for relief. As the court emphasized, "defenses invoking federal law do not transform a state-law claim into a federal case."

Likewise, in *Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583 (2013), the Sixth Circuit reversed the district court's judgment for lack of subject-matter jurisdiction over a pipeline easement dispute. The plaintiff had referenced the Natural Gas Act as a basis for federal jurisdiction, but the court found neither a federal cause of action (the Natural Gas Act does not create a general private right of action for alleged violations, and the defendant had not even violated the Act) nor a substantial federal question, as the core dispute turned on the scope of a private easement—a traditional state-law property matter. *Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583 (2013).

Even when a state-law claim contains an embedded federal issue, federal question jurisdiction does not automatically follow. The Sixth Circuit, in *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (2007), established the controlling three-part test for the substantial federal question doctrine, drawn from the Supreme Court's framework in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*: (1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities

The federal question embedded in the state-law claim must be genuinely contested. In *Mikulski*, the court found that a disputed interpretation of 26 U.S.C. § 312(n)(1) satisfied this prong, but the claim failed for other reasons. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (2007).

58164:00001:202666708-1

The Sixth Circuit in *Mikulski* identified four factors bearing on substantiality: (1) whether the case involves a federal agency, and particularly whether that agency's compliance with a federal statute is in dispute; (2) whether the federal question is important and not trivial; (3) whether a decision on the federal question will resolve the case; and (4) whether a decision on the federal question will control numerous other cases. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (2007). In *Mikulski*, all four factors weighed against substantiality: there was no federal agency involved; the question was narrow and obscure; the federal question was not dispositive of the entire case; and it was unlikely to recur frequently. The court reversed and remanded for dismissal for lack of subject matter jurisdiction.

Even if a contested and substantial federal question exists, the exercise of federal jurisdiction may be vetoed if it upsets the balance between state and federal courts. In *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544 (2006), the Sixth Circuit held that a state-law wrongful termination claim citing federal statutes as the source of public policy did not present a substantial federal question. The court reasoned that "employment litigation is a common occurrence in both federal and state courts" and that "this balance would be upset drastically if state public policy claims could be converted into federal actions by the simple expedient of referencing federal law as the source of that public policy."

In *Funderwhite v. Local 55, United Association,* 702 Fed. Appx. 308 (2017), the Sixth Circuit affirmed the dismissal of a state-law breach of contract claim for lack of federal question jurisdiction, finding that the federal issues embedded in the claim were not of substantial federal interest and that exercising jurisdiction would disturb the congressionally approved balance between federal and state courts *Funderwhite v. Local 55, United Association*, 702 Fed. Appx. 308 (2017).

7

58164:00001:202666708-1

Applying the framework established in *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007), the Sixth Circuit in *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527 (2010) held that a complaint arises under federal law if it (1) states a federal cause of action; (2) includes state-law claims that necessarily depend on a substantial and disputed federal issue; (3) raises state-law claims that are completely preempted by federal law; or (4) artfully pleads state-law claims that amount to federal-law claims in disguise. Finding none of these conditions satisfied in *Skaggs*, the court held that federal question jurisdiction was lacking and remanded the case to state court.

### V. This Court Lacks General and Specific Personal Jurisdiction over JDW International, Inc.

This Court discussed at length the standard for determining whether a Court has personal jurisdiction over a non-resident defendant such as JDW International, Inc. in *Sullivan v. LG CHEM LTD*, 585 F. Supp.3d 992 (E.D. Mi., 2022).

> "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012). But the plaintiff's burden varies depending on the district court's response to the motion to dismiss, as the court may (1) decide the motion on the basis of written submissions and affidavits alone, (2) permit discovery in aid of the motion, or (3) conduct an evidentiary hearing on the merits of the motion. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

> * * *

> A prima facie showing of the court's personal jurisdiction requires that the plaintiff establish "with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). In response to a motion to dismiss, "the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012). The pleadings and affidavits submitted on a 12(b)(2) motion are "received in a light most favorable to the plaintiff[,] ... [and] the court disposing of a 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459 (citing *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). But the Court is not precluded from considering the undisputed factual representations of the defendant that are consistent with the plaintiff's representations. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997). As another court in this

8

circuit succinctly summarized: "The upshot seems to be this: in opposing a motion to dismiss for lack of personal jurisdiction, a plaintiff cannot rely on mere allegations in the complaint, unless they are uncontroverted by the defendant-movant—in which case they can be accepted as true, as can the averments in the plaintiff's declarations (even if contradicted) and the defendant's undisputed factual assertions." *Shelter Mut. Ins. Co. v. Bissell Homecare, Inc.*, No. 3:20-CV-00813, 2021 WL 1663585, at *3 (M.D. Tenn. Apr. 28, 2021). And "[d]ismissal [at the 12(b)(2) stage] is proper only if all the specific facts which the plaintiff ... alleges collectively fail to state a prima facie case for jurisdiction." *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996) (citing *Theunissen*, 935 F.2d at 1458).

* * *

A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Malone*, 965 F.3d at 502 (citing *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997)). Personal jurisdiction comes in two forms: general and specific. *See generally Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, ⸺ U.S. ⸺, 141 S. Ct. 1017, 1024–25, 209 L.Ed.2d 225 (2021). General jurisdiction is proper when a defendant's "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (quoting *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). Specific jurisdiction, on the other hand, is proper only when "claims in the case arise from or are related to the defendant's contacts with the forum state." *Id.*

* * *

With respect to a corporation, "the place of incorporation and principal place of business are paradig[m] ... bases for general jurisdiction" under the Due Process Clause. *Daimler AG v. Bauman*, 571 U.S. 117, 133, 137, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) (internal quotation omitted). But in an "exceptional case," a corporation's affiliations with a forum state might be so extensive as to render it "at home" somewhere other than its place of incorporation or principal place of business. See *BNSF Ry. Co. v. Tyrrell*, ⸺ U.S. ⸺, 137 S. Ct. 1549, 1558, 198 L.Ed.2d 36 (2017) (quoting Daimler, 571 U.S. at 129 n.19, 134 S.Ct. 746).

*Sullivan* at 998 – 1000.

In the case at bar, Mr. Petrykowski has presented this Court with no evidence that JDW International, Inc. has had any contacts with the State of Michigan let alone sufficient contacts

9

with Michigan to allow for the exercise of personal jurisdiction over JDW International, Inc. Marek Petrykowski is a citizen and a resident of Canada. Likewise, JDW International, Inc. is a citizen and resident of Canada. The contract between the parties was signed in Canada. There is simply no basis for the exercise of personal jurisdiction of JDW International, Inc. in this case.

WHEREFORE, JDW International, Inc. requests this Court grant JDW International, Inc.'s Motion and dismiss Marek Petrykowski's Complaint with prejudice and award JDW International, Inc. its costs so wrongfully sustained.

FOSTER SWIFT COLLINS & SMITH PC

By:   /s/Dirk H. Beckwith
Dirk H. Beckwith (P35609)
Attorneys for Defendant
28411 Northwestern Highway, Suite 500
Southfield, MI 48034
248-539-9918
dbeckwith@fosterswift.com

Dated:  May 8, 2026

## PROOF OF SERVICE

The undersigned hereby certifies that on May 8, 2026, *JDW International, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(1) and (2) and Brief in Support* was served on all parties of record through the Court's e-filing system.

I declare under penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

/s/Deborah Kales
Deborah Kales

10

58164:00001:202666708-1