# EXHIBIT A



21 Ube Drive
Sarnia, Ontario
N7W 1B6

# JDW INTERNATIONAL OWNER OPERATOR CONTRACT

AGREEMENT made this 4th day of March 2019

BETWEEN:

JDW International, Division of 2051782 Ontario Inc.

-And-

Name: Marek Petrykowski

Company Name:  Marek Petrykowski

Address: 306-1595 Ernest Ave

City: London

Province: ON

Postal Code: N6E 2W7

(Hereinafter called the "Contractor")

**WHEREAS** the Carrier is in the business of transportation goods for compensation by highway, and

**WHEREAS** the Contractor carrier on business as an independent trucker, and the relationship between contractors is that of an agreement for services provided and is not to be contracted as that of employer and employee.

**WHEREAS** the parties desire to enter into an agreement with mutual covenants herein contained, the parties covenant and agree as follows:

1. Cargo tendered by the Carrier to the Contractor shall be accepted by the Contractor and shall be transported by the Contractor. The contractor agrees to make him/her available for any requirement requested by the company in the addition to hiring qualification such as but not limited to random drug and alcohol testing, additional training, safety meetings, etc. the carrier may at their discretion at any time add or delete a requirement as they deem necessary.

2. The Carrier agrees to pay to the Contractor an amount equal to that set out and prescribed below under the terms of the bill of lading with respect to any cargo tendered to and transported by the Contractor performing only that portion of the transportation, which is attributable to the services performed by the Contractor.

1

3.  The Carrier agrees to play 75% of gross revenue to the Contractor.

4.  It is expressly agreed upon and understood that the Contractor has no authority to solicit and/or transport any cargo other than as an agent for the Carrier and, as such, is strictly limited to transporting such cargo as it is tendered to the Carrier. Transportation of cargo other than as tendered to the Contractor by the Carrier shall render insurance coverage for physical damage to the vehicular equipment described invalid, and the contract with the Carrier will be immediately terminated.

5.  Upon acceptance of cargo from the Carrier, the Contractor covenants and agrees to indemnify and save the Carrier harmless from all claims, judgements to orders against the Carrier arising from breaches of bill of lading which may occur between the time the cargo is accepted by the Contractor and delivery is made and accepted either by the Carrier or the Consignee(s) named the bill of lading.

6.  The Contractor shall be responsible for any and all claims, judgements, orders and fines for negligence, breach of contract and/or breaches of applicable statutes set forth by the carrier and or Provincial or State regulatory bodies, arising out of the operation of any vehicular equipment licenced to the Carrier and shall indemnify and save the Carrier harmless there from further to this, is any Contractor receives a fine which may be determined to the Carriers performance record.

**The Carrier has the right to defend the charge and deduct from the Contractor all legal expenses.**

SIGNATURE: _____

7.  So long as any vehicular equipment owned by the Contractor is licenced in the name of the Carrier, the Contractor covenants and agrees to conform to all rules and regulations set forth by the Carrier and/or Provincial and State regulatory bodies, including but not limited to hours of service regulations, drug and alcohol policy, Highway Traffic Act, National Safety Code, etc. The Contractor shall operate always in a safe and courteous manner.

8.  In regard to fuel purchasing and reporting, It is the joint responsibility of the Carrier and Contractor to accurately report to the IFTA mileage traveled and fuel purchased in IFTA jurisdictions, the Contractor agrees to provide the Carrier with copies of fuel receipts and accurate mileage responding and/or purchasing of non-tax paid fuel.

9. In order to satisfy the Contractor of its ability to comply with its covenants of indemnity, the Carrier shall obtain policies of insurance with coverage for which the Contractor must qualify and/or continue to qualify for.

10. With respect to the Contractor, the Contractor agrees that reporting for duty under the influence of alcohol or drugs or the consumption of or possession of alcohol while on duty shall automatically render the insurance coverage invalid for physical damage to the vehicular equipment, and the contract with the Carrier will be immediately terminated.

11. The Contractor agrees that the use of unauthorized alternate drivers shall render the insurance coverage invalid for physical damage to the vehicular equipment, and the contract with the Carrier will be immediately terminated

12. The Contractor, as principal owner of the vehicular equipment and personally undertakes to guarantee to take full responsibility for all debts and liabilities incurred by himself and any approved alternate driver who may operate the described vehicular equipment while in the performance of the duties and obligations of this contract.

13. It shall be the responsibility of the Contractor to complete and submit the necessary forms as required provided by the Carrier's policies as presently set out which policies may be amended from time to time as deemed necessary by the Carrier.

3



21 Ube Drive
Sarnia, Ontario
N7W 1B6

## The Contractor agrees to:

1. To pay the full amount of the insurance paid by the Carrier, on behalf of the Contractor for equipment listed herein.

2. All hold back monies will be held for a period of 90 days after the last designated pay date.

3. Without sufficient notice of termination, given by the Contractor, any monies owing will be held for an additional 30 days. This will allow cargo claims to be filed with the company.

4. The Contractor or his employee(s) shall take instructions directly from the Carrier's dispatch or his designate and both are subject to the dispatcher or his designates' direction and control.

5. The vehicular equipment must be maintained and a mechanical condition acceptable to the Carrier and must comply with the Ministry of Transportation and Communications requirements. The Contractor must supply the Carrier with monthly maintenance reports and a safety certificate upon request. Contractor's equipment must be inspected by JDW's shop every 30 days.

6. The contractors will be responsible for any loss or damage to the Carriers trailer and any other equipment supplied by Carrier that is under the insurance deductible.

7. The Contractor or his employee(s) is responsible to ensure that bills of lading are properly issued and that valid receipts are received for all goods delivered. The contractor or his employee(s) shall deliver to the Carrier a bill of lading for every shipment within the maximum 5 days from delivery.

8. The Contractor or his employee(s) shall not permit any passenger to ride in the vehicular equipment, without the Carrier authorization prior to such an occurrence. Proof of medical insurance coverage + criminal record check must be given.

9. The contractor when hiring an employee will prove to the Carrier's satisfaction that the driver in question meets all the criteria set out by the Carrier. The employee(s) will be an employee of the contractor. As such it is the responsibility of the Contractor to ensure compliances with all regulations concerning labour in the various jurisdictions through which the Contractor's unit operates.

10. It is expressly agreed and understood that the Contractor accepts complete responsibility for any person operating, traveling in or upon the vehicles. This

4

responsibility includes but is not limited to, any accident claims, or incident caused by an action, in action or omission whether it is deliberate, accidental or through negligence.

11. The Contractor call explain to the Carrier's satisfaction and delayed departures or arrivals.

12. The Contractor shall provide to the Carrier current drivers abstract every 12 months.

13. The contractor must have and is responsible for a paging or cellular phone system or satellite charges.

14. The Contractor shall be responsible to supply securing devices including, but not limited to, chains, binders, load bars, etc.

15. The Contractor agrees to comply with all applicable municipal, provincial. Federal and Interstate Commerce Commission rules or regulations or the directives of the Carrier regarding drug and alcohol testing.

16. Under this Agreement, the Contractor is responsible for the cost of the pre-employment drug test for the Contractor and any driver, working for the Contractor, under the Terms of Agreement. The Carrier shall be responsible for the cost of the Contractor and any driver(s) working for the Contractor under the Carriers drug and/or alcohol-testing program.

\* By appending his signature to this agreement, the Contractor agrees to be bound by the terms and conditions of this agreement.

IN WITNESS WHERE ●F the parties have caused this agreement to be executed:

AT SARNIA, ONTARIO THIS _04_ DAY OF _____

_____      _____
Contractor                Witness

THIS AGREEMENT is hereby authorized and approved as at out above by:

_____     DATED AT SARNIA, ONTARIO

5



21 Ube Drive
Sarnia, Ontario
N7W 1B6

## ACKNOWLEDGEMENT

I, the undersigned do hereby acknowledge that JDW International has made me aware of their insurance coverage policy. I am personally responsible for any damage caused by my vehicle, against my vehicle, against the contents of any load being carried by my vehicle and including any damage that may be caused during the loading and unloading of good being carried by my vehicle, in any monetary amount up to the deductible.

I further acknowledge that I will save JDW International harmless from all Claims of causes of action arising in connection with any damage caused up to the amount of the deductible.

I further acknowledge that I must report immediately to JDW International all moving vehicle violations, under the Highway Traffic Act brought against me or any employee(s) of mine operating under the Carrier's authority.

I further acknowledge that I am an Independent Broker and not an employee of JDW International. Therefore, I am not covered under JDW International Workman's Compensation and must carry my own. I further acknowledge that I am personally responsible for my own source deductions, income tax submission, and any related government regulations and rules regarding independent owner operators.

I further acknowledge that I should terminate my service with JDW International within 6 months after my start date I will be responsible to pay the cost of the US. Heavy User Tax, The Transponder Fees, and any other cost associated with cancelling the licence plates, insurance, etc.

_____            _____
Contractor's Signature                                   Date

6

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MAREK PETRYKOWSKI,

      Plaintiff,

vs.                                  Case No. 2:25-cv-10040
                                    Hon. Laurie J. Michelson

JDW INTERNATIONAL, INC.
(Ontario Corporation No. 1001407417),
successor by amalgamation to
2051782 Ontario Ltd.,

      Defendant.

### Affidavit of Franck Ngandui

Province of Quebec, Canada)
                           )ss
City of Montreal           )

    Franck Ngandui, being first duly sworn, does hereby depose and state as follows:

    1.    I have personal knowledge of the facts stated in this Affidavit and I am competent to testify as to these facts.

    2.    On March 4, 2019, Marek Petrykowski entered into an Owner Operator Contract with JDW International, legally known as 2051782 Ontario Inc. A copy of the Owner Operator Contract is attached as Exhibit A.

58164:00001:202665945-1

3.      Marek Petrykowski is a citizen and resident of Canada. To my knowledge, at the time Marek Petrykowski entered into a contract with JDW International, Inc. he resided at 306-1595 Ernest Ave., London, Ontario, N6E 2W7.

4.      To my knowledge, at the time Marek Petrykowski filed this lawsuit, Marek Petrykowski was a citizen and resident of Canada residing at 41 Kings Heights Dr. SW Airdrie, AB T4A 0E6.

5.      JDW International Inc., formally legally known as 2051782 Ontario Inc. is incorporated in Ontario, Canada with its principal place of business located at 21 Ube Drive, Sarnia, Ontario, N7W 1B6, Canada.

_____
                        Franck Ngandui

Sworn to before me this 8th day
of May, 2026


_____
Me Alexandra Bérard, Notary public in the province of Québec, city of Montreal

2

58164:00001:202665945-1