UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MAREK PETRYKOWSKI,

       Plaintiff,

vs.

                                            Case No. 2:26-cv-10040
                                            Hon. Laurie J. Michelson

JDW INTERNATIONAL, INC.
(Ontario Corporation No. 1001407417),
successor by amalgamation to
2051782 Ontario Ltd.,

       Defendant.

## JDW INTERNATIONAL, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

### I.     Introduction

In JDW International, Inc.'s Motion to Dismiss, JDW International, Inc. argued that Marek Petrykowski's Complaint should be dismissed because: (1) this Court lacks subject matter jurisdiction because there is no diversity of citizenship between Marek Petrykowski and JDW International, Inc. because they are both Canadian citizens; (2) this Court lacks Federal Question Jurisdiction; and, (3) this Court lacks personal jurisdiction over JDW International Inc. Marek Petrykowski concedes there is no diversity of citizenship between the parties. Nothing in Marek Petrykowski's Response Brief detracts from JDW International's arguments; hence JDW International, Inc.'s Motion to Dismiss should be granted.

58164:00001:202739190-1

**II.      Marek Petrykowski Filed a Nearly Identical Proceeding Against JDW International, Inc. in the Ontario Superior Court; Therefore, This Court Should Abstain From Exercising Jurisdiction in This Case.**

After JDW International, Inc. filed its Motion to Dismiss with this Court, JDW International, Inc. was served with an Amended Statement of Claim filed by Marek Petrykowski in the Ontario Superior Court of Justice. (A copy of the Amended Statement of Claim is attached as Exhibit A.) Marek Petykowski filed the original Statement of Claim with the Ontario Superior Court of Justice on January 16, 2026. In the Amended Statement of Claim Marek Petrykowski is suing JDW International, Inc., and others, for virtually the same claims Marek Petrykowski is making is this case. These claims relate to an alleged breach of contract by JDW International, Inc. for allegedly underpaying Mr. Petrykowski for loads transported by Mr. Petrykowski as a truck driver. In the Amended Statement of Claim, Mr. Petrykowski alleges claims for: (A) Breach of Contract; (B) Fraudulent Misrepresentation; (C) Negligent Misrepresentation; (D) Implied Duty to Disclose; (E) Unjust Enrichment; (F) Joint Participation and Personal Liability; (G) Bad Faith; and, (H) Accounting.

This Court should abstain from exercising jurisdiction in this case because there is a parallel proceeding pending in Canada. In *Grammer, Inc. v. Custom Phone Systems*, 482 F. Supp.2d 853 (E.D. MI., 2007), Judge Feikens discussed when a federal court should abstain from exercising jurisdiction where there are parallel proceedings in a federal and a Canadian Court.

58164:00001:202739190-1

A federal court has a "virtually unflagging obligation" to exercise the jurisdiction bestowed upon it. *Colorado River Water Conservation Dist. et al. v. United States*, 424 U.S. 800, 817–18, 96 S. Ct. 1236, 47 L.Ed.2d 483 (1976). Federal courts have extrapolated eight factors to consider when determining if they should refuse to exercise their own jurisdiction in favor of permitting another sovereign to exercise its own jurisdiction over a parallel proceeding. These include:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; ... (4) the order in which jurisdiction was obtained[;] ... (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

> *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206–07 (6th Cir. 2001) quoting *Romine v. Compuserve Corp.*, 160 F.3d 337, 340–41 (6th Cir. 1998). No one of these factors is determinative. *Colorado River*, 424 U.S. at 818–19, 96 S. Ct. 1236. The threshold question before considering any of these eight factors, however, is whether the two proceedings at issue are parallel. *Romine*, 160 F.3d at 339. If they are not parallel, Colorado River abstention is inappropriate. (See id.)

The Canadian action and the case at bar are parallel proceedings. "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340; see also *Finova Capital Corp.*, 180 F.3d at 899 ("Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora."). In the case at bar, these two actions are parallel. The principal issue in both actions involves a contractual relationship between a motor carrier and an owner operator who signed an Owner Operator Agreement with the motor carrier. The resolution of the contractual rights and duties

3

58164:00001:202739190-1

in either of the pending cases will likely resolve the issues in the other case. Therefore, this Court should abstain from exercising jurisdiction over this proceeding prior to the cessation of the pending parallel proceeding in Canada.

FOSTER SWIFT COLLINS & SMITH PC

By:*/s/Dirk H. Beckwith*
Dirk H. Beckwith (P35609)
Attorneys for JDW International, Inc.
28411 Northwestern Highway, Suite 500
Southfield, MI 48034
348-539-9919

Dated:  June 2, 2026                      dbeckwith@fosterswift.com

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAREK PETRYKOWSKI,

     Plaintiff(s),

v.

JDW INTERNATIONAL, INC.,

     Defendant(s).

Case No. 2:26-10040
Honorable Laurie J. Michelson

---

## BRIEF FORMAT CERTIFICATION FORM

     I, Dirk H. Beckwith, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

/s/ *Dirk H. Beckwith*
Dated: June 2, 2026

5

58164:00001:202739190-1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MAREK PETRYKOWSKI,

      Plaintiff,

vs.

                                            Case No. 2:26-cv-10040
                                            Hon. Laurie J. Michelson

JDW INTERNATIONAL, INC.
(Ontario Corporation No. 1001407417),
successor by amalgamation to
2051782 Ontario Ltd.,

      Defendant.

### STATEMENT OF CONCURRENCE

On May 8, 2026, a conference between Plaintiff and Defendant regarding

Defendant JDW International, Inc.'s Motion to Dismiss Pursuant to FRCP 12(B)(1)

and (2), did not result in concurrence in the relief sought.

                           FOSTER SWIFT COLLINS & SMITH PC

                           By:*/s/Dirk H. Beckwith*
                               Dirk H. Beckwith (P35609)
                               Attorneys for Defendant
                               28411 Northwestern Highway, Suite 500
                               Southfield, MI 48034
                               248-539-9918
Dated:  June 2, 2026               dbeckwith@fosterswift.com

6

58164:00001:202739190-1

## PROOF OF SERVICE

The undersigned hereby certifies that on June 2, 2026, **JDW International, Inc.'s Reply Brief in Support of its Motion to Dismiss, Brief Certification and Statement of Concurrence** was served on all parties of record through the Court's e-filing system.

I declare under penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

*/s/Deborah Kales*
Deborah Kales

7

58164:00001:202739190-1